HARRY SCHADEL, PLAINTIFF-RESPONDENT, v. IGNATZ HONIG, DEFENDANT-APPELLANT.

Submitted October 16, 1925—Decided January 21, 1926.

Negligence—Motor Vehicle Collision With Another Motor Vehicle While Standing Parked as Result of Being Forced by a Trolley Car—Judgment Against Motor Vehicle Driver and For the Trolley Company—No Error Found in the Trial— Case Peculiarly One For the Jury.

On defendant's appeal from District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-respondent, Michael Breitkopf.

For the defendant-appellant, Frank G. Turner.

PER CURIAM.

The plaintiff's automobile, standing parked in the daytime at the right-hand curb of Bergen street, Newark, was seriously damaged by Honig's car being pushed into it by a southbound car of the Public Service Railway Company.

Plaintiff sued both Honig and the company, and on the trial the latter was acquitted by the jury and a verdict found against the appellant, Honig. The accident occurred in this way: Bergen street runs north and south; it has one trolley track in it, and there is a space of about eight feet between the track and the curb on each side, or not enough for more than one automobile between curb and track. The plaintiff's car was parked on the west side of Bergen street, and Honig's car was parked behind it. Honig got into his car, started the engine and undertook to pull out from behind plaintiff's car to the left just as the trolley car came from the north, caught Honig behind and pushed his car into that of the plaintiff. The jury absolved the Public Service Railway Company, evidently on the theory that Honig started his car in front of the trolley car when the latter was too close to stop in the exercise of due care. The case was peculiarily for the jury.

The trial court charged, among other things, that "either one or both of these defendants are liable," and this is said to be erroneous on the authority of *Dentz* v. *Pennsylvania Railroad Co.*, 75 *N. J. L.* 893. The reversal in the Dentz case, however, was based on a portion of the charge wherein the jury was instructed that the collision alone established a presumption of negligence. The instruction in the present case was not based upon any such isolated fact, but upon all the evidence as it appeared in the case, taking the view of it most unfavorable to the plaintiff. There can be no doubt that the plaintiff was entirely without fault, and, as the facts developed on the trial, it was, in our judgment, indisputable that the plaintiff's automobile would not have been injured except for the negligence of Honig or the Public Service Railway Company, or both.

The second point is that the court refused to nonsuit, and the third, that the court refused to direct a verdict for the defendant. These are covered by what has already been said.

The fourth and last point is that the court erred in excluding a question asked of the motorman, William Ter-

hune, under cross-examination. There has been some testimony in the case that shortly before the accident the motorman had been seen bending over and looking down at his post, as though he were grinding some change out of the cash box. The car was a one-man car. The motorman denied this, and said that he had taken the money out some time before when at a standstill, because of traffic at another corner. Counsel for Honig then asked:

"*Q.* You say you never take money out of the box while the trolley car is moving? *A.* The trolley car wasn't moving.

"Mr. Boyd (for Public Service)—I object to that question.

"The Court—Yes, I think that is carrying it a little too far.

"Mr. Turner—He should answer that question whether he does take money out of the box when the trolley car is moving. We can judge then as to his credibility.

"The Court—No, I don't think so."

Counsel abandoned the matter at this point and did not even take an exception. Of course, an exception is not necessary to review a ruling in the District Court. Assuming that the matter is in such shape as to be reviewable, we think there was no error in restricting the cross-examination to this extent. In *Quellmalz* v. *Atlantic Coast Electric Railway Co.,* 94 *N. J. L.* 474, the Court of Errors and Appeals dealt with a general question of this kind relating to a general failure of the defendant company to install new controller boxes for several years, and that court held that the question was irrelevant under the well-recognized rule of evidence that other acts of negilgence, like other crimes, are not evidential to show the commission of the particular act of negligence or particular crime. On this theory, a question as to the habits of the motorman with relation to taking money out of the cash box when the car was moving was irrelevant, and, therefore, the question was properly excluded.

These considerations lead to an affirmance of the judgment.